# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br><br>*Plaintiff*,<br><br>v.<br><br>**UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT**<br>500 12th Street, S.W.<br>Washington, D.C. 20536<br><br>*Defendant*. | Case No. |

## COMPLAINT

### NATURE OF ACTION

1.  Plaintiff the District of Columbia (the "District") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 to force Defendant United States Immigration and Customs Enforcement ("ICE") to comply with a FOIA request. On July 19, 2018, the District sought records from ICE related to immigration enforcement actions carried out in Washington, D.C. that resulted in the detention of up to twelve D.C. residents. Defendant has violated FOIA by failing to respond to the District's request within the statutorily prescribed time limit, and failing to disclose the requested documents. The District now asks the Court to order Defendant to respond to the request and to disclose all responsive records improperly withheld.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

3. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

4. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

5. Plaintiff the District of Columbia ("District") is a municipal corporation empowered to sue and be sued, and is the local government for the territory constituting the permanent seat of the federal government. The District is represented in this case by and through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest.

6. Defendant ICE is a federal agency within the U.S. Department of Homeland Security that enforces federal laws governing border control, customs, trade, and immigration. ICE is headquartered at 500 12th Street, S.W., Washington, D.C. 20536.

## STATUTORY FRAMEWORK

7. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

8. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

9. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

10. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

11. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

12. An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

13. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

14. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

15. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

## FACTS

16. On July 19, 2018, the District, through its Office of Attorney General, sent a request by mail to Defendant ICE ("the Request"). The Request sought records generally grouped into two categories: (1) records related to the detention by ICE officials of approximately twelve District residents between Monday, July 9, and Thursday, July 12, 2018; and (2) ICE policies relating to immigration enforcement actions, including policies related to racial or ethnic profiling. (*See* Exhibit A.)

17. ICE is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and therefore must comply with the nondiscretionary statutory requirements of FOIA.

18. The statutory deadline for ICE to response to the Request passed on August 16, 2018.

19. On August 23, 2018, the District sent a follow-up letter to ICE because it had not received any response from ICE to its Request. This second letter reiterated the District's same request for information and documents included in the District's July 19, 2018 Request. (*See* Exhibit B.)

20. ICE never acknowledged receipt of the Request. However, on September 5, 2018, ICE confirmed receipt of the District's August 23, 2018 letter by email and assigned case number 2018-ICFO-58978. This email stated, in part, "Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request." In this email, ICE invoked a 10-day extension to respond to the request, pursuant to 5 U.S.C. § 552(a)(6)(B). (*See* Exhibit C.)

21. The statutory deadline for Defendant to respond to the District's August 23, 2018 letter as a stand-alone separate FOIA request passed on October 5, 2018 with still no response to the District's original July 19, 2018 Request.

22. As of the filing of this Complaint, Defendant has not produced any responsive documents. ICE has not objected to the Request nor provided any detailed information regarding specific circumstances preventing the disclosure of the records sought.

23. Where Defendant has failed to provide any substantive responses to the Request within the statutory timeframe, it has constructively denied the Request. As such, the District has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

24. The District has a legal right to the requested records. Defendant has improperly withheld those records, forcing the District to file suit to enforce its rights under FOIA.

25. The Attorney General, acting on behalf of the District, has a compelling and immediate need for the information requested in order to ensure the security of District residents, including members of immigrant communities.

26. Between July 9 and July 12, 2018, as many as twelve District residents were taken into custody by ICE officials as part of an immigration enforcement action. Activists and community groups have expressed concern that this operation involved ICE officials detaining individuals indiscriminately or based on ethnic profiling. *See* Alexa Mills, *ICE Confirms It Arrested 12 D.C. Immigrants in 'Operation Eagle's Shield'*, WASH. CITY PAPER, July 24, 2018, https://www.washingtoncitypaper.com/news/city-desk/article/21014857/ice-confirms-arresting-12-dc-immigrants-via-operation-eagles-shield.

27. Immigration enforcement actions seemingly based on ethnic or racial profiling can discourage victims and witnesses of crimes from reporting incidents to law enforcement out

of fear that they may become subject to immigration detention, which in turn undermines public safety.

28. It is critical for the District to understand the nature of the arrests that took place between July 9 and July 12, 2018, as well as the underlying agency policies relating to such arrests.

## STATEMENT OF CLAIMS

### Count I
### (Failure to Respond to Request Within Statutory Timeframe)

29. The District re-alleges and incorporates the foregoing paragraphs as if set forth in full.

30. Defendant failed to respond to the Request within the statutorily mandated timeframe, in violation of the District's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(6)(A)(i) and § (6)(B).

31. Defendant also failed to respond to the District's August 23, 2018 letter reiterating the Request within the statutorily mandated timeframe, in violation of the District's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(6)(A)(i) and § (6)(B).

### Count II
### (Failure to Produce Responsive Records)

32. The District re-alleges and incorporates the foregoing paragraphs as if set forth in full.

33. Defendant failed to make reasonable efforts to search for records responsive to the Request, in violation of the District's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

34. Defendant failed to disclose and produce any records responsive to the Request, in violation of the District's rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

35. Defendant failed to disclose and produce records responsive to the Request without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

36. The District is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, the District of Columbia requests that this Court:

(a) Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

(b) Find that Defendant's failure timely to respond or disclose records was unlawful;

(c) Order Defendant to search for and promptly disclose all records responsive to the District's Request;

(d) Award the District's attorneys' fees and costs; and

(e) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

October 22, 2018

KARL A. RACINE
Attorney General for the District of Columbia

ROBYN R. BENDER
Deputy Attorney General
Public Advocacy Division

_____/s/_____
JIMMY R. ROCK [DC. Bar # 493521]
Assistant Deputy Attorney General
Public Advocacy Division
441 4th Street, NW

Suite 630 South
Washington, DC 20001
Phone: (202) 741-0770
Email: Jimmy.Rock@dc.gov