UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DISTRICT OF COLUMBIA**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT**, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 18-cv-2410 (TSC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

The District of Columbia has sued the U.S. Department of Homeland Security's Immigration and Customs Enforcement division (ICE), seeking to compel disclosure of information responsive to its Freedom of Information Act (FOIA) request. Before the court are ICE's motion for summary judgment under Federal Rule of Civil Procedure 56, and the District's cross-motion for summary judgment.

For the reasons set forth below, the court will GRANT ICE's Motion for Summary Judgment (ECF No. 16), and DENY the District's Cross-Motion for Summary Judgment (ECF No. 19).

### I.   BACKGROUND

In July 2018, ICE conducted an enforcement operation throughout the Washington, D.C. area. (ECF No. 16-3, Def. SOF, ¶ 1.) Over the course of twelve days, ICE arrested 132 people, including 12 people in D.C. (*Id.* ¶ 2.) The District submitted a FOIA request to ICE seeking agency records related to the 12 arrests and certain ICE policies, including those on enforcement actions and racial or ethnic profiling. (*Id.* ¶¶ 3–5.) ICE located 390 pages of responsive records

and produced 46 pages, withholding portions under various exemptions. (*Id.* ¶ 9–10.) Among the produced pages was a spreadsheet containing, for each arrestee:

- name,
- birthdate,
- gender,
- nationality,
- subject ID,
- immigration status,
- place and date of arrest by ICE,
- whether he was on ICE's target list,
- whether he was a criminal,
- his "most egregious criminal conviction,"
- any pending criminal charges, and
- status as fugitive, re-entry, or at large.

(ECF No. 16-2, Ex. 4.) ICE redacted the arrestees' names, dates of birth, and subject IDs, asserting that the information fell within FOIA Exemptions 6 and 7(C). (*Id.*) It also produced an email—with names again redacted—listing each arrestees' removal status and, for those in custody, their location. (Def. SOF ¶ 12.)

## II. LEGAL STANDARD

"FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). The Act requires that federal agencies comply with requests to make their records available to the public, unless such "information is exempted under [one of nine] clearly delineated statutory [exemptions]." *Id.* (internal quotation marks omitted); *see also* 5 U.S.C. §§ 552(a)–(b).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 180 (D.D.C. 2012) (quoting *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). Summary judgment in FOIA cases may

be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and nonconclusory." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). These declarations are "accorded a presumption of good faith which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.*

"To successfully challenge an agency's showing that it complied with FOIA, the plaintiff must show specific facts that demonstrate a genuine issue with respect to whether the agency has improperly withheld . . . records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (citing *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)) (quotation marks omitted). By corollary, "[a] non-moving party's complete failure to come forward with evidence to demonstrate the existence of a genuine issue of material fact constitutes a reason for the grant of summary judgment under [Rule 56(e)]." *Smith v. U.S. Dep't of Justice*, 987 F. Supp. 2d 43, 47 (D.D.C. 2013).

Summary judgment is proper where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). Courts must view "the evidence in the light most favorable to the non-movant," "draw[ ] all reasonable inferences accordingly," and determine whether a "reasonable jury could reach a verdict" in the non-movant's favor. *Lopez v. Council on Am.–Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).

### III.   ANALYSIS

The District contends that ICE improperly withheld the arrestees' names under Exemptions 6 and 7(C), which "seek to protect the privacy of individuals identified in certain

agency records." *ACLU v. U.S. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011). Under Exemption 6, an agency can withhold "personnel and medical and similar files" if disclosing them "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Under Exemption 7(C), an agency can withhold "records or information compiled for law enforcement purposes . . . to the extent that" disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7). Courts have "no need to consider Exemption 6 separately" when the information at issue is compiled for law enforcement purposes "because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)." *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Here, the parties agree the information was compiled for law enforcement purposes (Def. SOF ¶¶ 16–17; ECF No. 19, Pl. Cross-Mot., at 16, ¶¶ 16–17), so the court need only analyze whether ICE properly invoked Exemption 7(C) to withhold the arrestees' names.

### A. Categorical Rule

The D.C. Circuit applies a categorical rule under Exemption 7(C)—known as the "*SafeCard* rule"—which permits an agency to "withhold information identifying private citizens mentioned in law enforcement records, unless disclosure is 'necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity.'" *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (quoting *SafeCard Servs., Inc.*, 926 F.2d at 1206). The *SafeCard* rule allows an agency to redact names or other identifying information of individuals "who have not previously been publicly implicated in the . . . investigation." *See Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Justice* (*CREW II*), 854 F.3d 675, 681 (D.C. Cir. 2017).

The District contends that the categorical rule applies only in certain cases where "the balance" between private and public interests "characteristically tips in one direction." (ECF No. 22, Pl. Reply, at 5–6 (quoting *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice (CREW I)*, 746 F.3d 1082, 1096 (D.C. Cir. 2014).)  But it takes that quotation out of context and mixes up the two uses of "categorical" in the *SafeCard* line of cases.  In *CREW I*, plaintiffs sought records related to the FBI's investigation of former Majority Leader Tom DeLay as part of a broader public corruption investigation into lobbyist Jack Abramoff.  *Id.* at 1087.  The FBI did not produce any records, arguing that the investigative documents were "categorically" exempt under Exemption 7(C), among others.  *Id.*  The D.C. Circuit rejected that categorical withholding, explaining that DOJ could not withhold "every responsive document *in toto*" under *SafeCard*:  "Although *SafeCard* may authorize the redaction of the names and identifying information of private citizens mentioned in law enforcement files, it does not permit an agency 'to exempt from disclosure all of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provides that person's name and address.'"  *Id.* (quoting *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995)).  This did not, however, mean that DOJ could not properly withhold some of the information in the documents under Exemption 7(C).  *Id.*  Indeed, the Court reiterated that "the names and identifying information of third parties contained in investigative files are presumptively exempt."  *Id.* (citing *Schrecker*, 349 F.3d at 666; *SafeCard*, 926 F.2d at 1206).[1]  *CREW I* is inapplicable here because ICE did not categorically withhold documents, and does not contend that it could have done so.

---

[1] The other cases the District cites for this proposition similarly address the appropriateness of withholding a category of responsive documents.  *U.S. Dep't of Justice v. Reporters Comm. for*

The question here is whether *SafeCard's* categorical rule permitting an agency to withhold information identifying private citizens in law enforcement records allows ICE to redact the arrestees' names and other information from the documents it produced.  The District argues that the rule protects only third parties to the law enforcement process, not the subjects themselves.  (Pl. Cross-Mot. at 6.)  But the D.C. Circuit has held that people involved in law enforcement investigations—including suspects—have a privacy interest in the non-disclosure of their names and identifying information.  *See Comput. Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996) ("Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity.") (quoting *Dunkelberger v. U.S. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990)); *see also Bast v. U.S. Dep't of Justice*, 665 F.2d 1251, 1254 (D.C. Cir. 1981) (Exemption 7(C) "affords broad[ ] privacy rights to suspects, witnesses, and investigators.").  Moreover, this is not a case where the individuals have already been publicly implicated in the ICE operation.  *See CREW II*, 854 F.3d at 682 (explaining that where a person has been "charged, convicted or otherwise implicated in connection with [an] investigation," they have "a diminished privacy interest" in the information contained in investigative documents.)  Thus, *SafeCard's* categorical rule applies to the arrestees' names.

---

*Freedom of Press*, 489 U.S. 749, 751 (1989) (permitting categorical withholding of rap sheets); *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1166 (D.C. Cir. 2011) (rejecting categorical withholding for documents related to a homicide investigation); *Nation Magazine*, 71 F.3d at 887 (rejecting categorical withholding for documents related to a former presidential candidate's offer to assist with drug interdiction efforts).

B. **Exceptions**

A FOIA requester can overcome *SafeCard's* categorical rule if it can show agency wrongdoing or that the information sought has been previously disclosed. Neither exception applies here.

1. Allegations of Agency Wrongdoing

In order to show that disclosure is warranted because of agency wrongdoing, the requester must provide "compelling evidence" that the agency is "engaged in illegal activity" and that "access to the names of private individuals appearing in the agency's law enforcement files is necessary in order to confirm or refute that evidence." *SafeCard Servs., Inc.*, 926 F.2d at 1205–06; *see also Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) (explaining that when alleging a public interest in government wrongdoing, the FOIA requester "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred").

The court need not decide whether the District has offered sufficient evidence that ICE engaged in wrongdoing because the District does not argue that releasing the arrestees' names would "confirm or refute" allegations of racial or ethnic profiling. *SafeCard Servs., Inc.*, 926 F.2d at 1205. Rather, the District contends that obtaining the names will permit it to "monitor and investigate public records pertaining to the arrests," and that it would monitor "processing of the arrestees by the agencies and courts responsible for immigration policy." (Pl. Cross-Mot. at 10.) But it does not articulate how this monitoring would show that ICE's original arrest

involved any impropriety. Therefore, the court concludes that this *SafeCard* exception is inapplicable.[2]

### 2. Prior Disclosures

To overcome *SafeCard's* presumption, a plaintiff can also show that an individual's "privacy interests" were "'diminished by prior disclosures, including through guilty pleas and convictions' that occurred 'in connection with' the investigation giving rise to the disputed records." *Spataro v. U.S. Dep't of Justice*, 279 F. Supp. 3d 191, 202 (D.D.C. 2017) (quoting *CREW II*, 854 F.3d at 682–83). If there are such prior disclosures, the agency's withholding "must be subjected to a particularized weighing of the public and privacy interests that would be implicated by the disclosure sought." *CREW II*, 854 F.3d at 682-83.

Here, the District cannot show a prior disclosure that overcomes the arrestees' privacy interests. The parties agree that the arrestees' names have not been released or associated with the ICE enforcement operation. (ECF No. 21, Def. Reply, at 4-5; Pl. Reply at 8.) The District focuses on the fact that the arrestees' prior convictions and pending charges are public information. But those prior disclosures have no bearing on the arrestees' primary privacy interest—not being connected to ICE's enforcement operation. The District has not shown that there was any prior disclosure of the investigation underlying the disputed records—i.e., ICE's arrests or resulting proceedings—that would trigger a diminished privacy interest. Therefore, the court concludes that this *SafeCard* exception is also inapplicable.

---

[2] The District cites *Union Leader Corp. v. U.S. Dep't of Homeland Sec.*, 749 F.3d 45, 56 (1st Cir. 2014) and *New York Times Co. v. U.S. Dep't of Homeland Sec.*, 959 F. Supp. 2d 449, 454 (S.D.N.Y. 2013) to show that the public interest in monitoring the cases outweighs the privacy interest. But neither of those cases applied the *SafeCard* presumption, and this court does not reach Exemption 7(C)'s balancing test because the District has not overcome the *SafeCard* presumption in the first place.

## IV. CONCLUSION

For the stated reasons, the court will GRANT Defendant's motion for summary judgment, and DENY Plaintiff's cross-motion for summary judgment. A corresponding Order will issue separately.

Date:  May 18, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge